# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC ADAMS and ASHLEY SMITH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:18-cv-00976 ) Judge Aleta A. Trauger ) |
| NICK DIAMOND, JOHN DOE, and METROPOLITAN NASHVILLE– DAVIDSON COUNTY, TENNESEE, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

*Pro se* plaintiffs Cedric Adams and Ashley Smith have filed an Amended Complaint (Doc. No. 6) under 42 U.S.C. § 1983 and state law on their own behalf and on behalf of their minor child, Sir Christian Adams. (Doc. No. 6.) The named defendants are the Metropolitan Government of Nashville and Davidson County ("Metro Nashville"), Metro Nashville Police Officer Nick Diamond, and John Doe. Because the plaintiffs proceed *in forma pauperis*, the Complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).

## I.     Standard of Review

By law, the court must conduct an initial review of any civil complaint filed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

"governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

II.     **Factual Allegations**

The plaintiffs allege that on September 29, 2017, Metro Police Officer Nick Diamond "forced entry" into their home and that of their one-month-old child with his weapon drawn. (Doc. No. 6 ¶¶ 9, 10.) Upon entering the home, he pointed and fired his weapon. The bullet went through Mr. Adams' shirt and into the couch where Ms. Smith was seated with the child. The

plaintiffs and their child were not physically harmed but they allege that they suffered emotional trauma.

They assert claims under 42 U.S.C. § 1983 for the use of excessive force and state law claims based on the intentional and negligent infliction of emotional distress. They seek compensatory and punitive damages as well as costs and attorney's fees.

**III.    Discussion**

   **A.    Claim Brought on Behalf of Minor Child**

As the court explained in the initial order entered in this case, while 28 U.S.C. § 1654 permits individual parties to "plead and conduct their own cases personally," without an attorney, this provision does not authorize a non-attorney to bring suit on behalf of a third person. *See Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 767 (W.D. Tenn. 2013) (adopting report & recommendation) ("The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only on his own claims; only a licensed attorney may represent other persons."). Thus, while a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."). Mr. Adams and Ms. Smith may not bring claims on behalf of the minor child unless they are represented by an attorney. Because they are not at this time represented by an attorney, the claims brought on behalf of their minor child will be dismissed without prejudice.

   **B.    Section 1983 Claims**

In order to state a claim under § 1983, a plaintiff must plead two elements: "(1)

deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). Defendant Diamond, as a Metro Nashville police officer, is a state actor. The question is whether the plaintiffs' allegations, if true, establish a violation of their constitutional rights.

"The Fourth Amendment of the United States Constitution protects a person from being subject to excessive physical force during the course of an arrest, a booking, or other police seizure." *Malory v. Whiting*, 489 F. App'x 78, 82 (6th Cir. 2012) (citing *Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009)). The police officer's forced entry into the house, while wielding a weapon, constitutes a seizure for purposes of Fourth Amendment analysis. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment."). The determination of whether an officer exerted excessive force during the course of seizure is determined under an "objective reasonableness" standard. *Id.* at 396–97. The circumstances as alleged here suggest that no amount of force was reasonable and that the firing of a weapon upon entering the house may constitute an excessive display of force.

In addition, "in some circumstances, the Fourth Amendment deems unreasonable and thus unconstitutional an officer's unannounced entry into a dwelling." *See, e.g.*, *Ingram v. City of Columbus*, 185 F.3d 579, 587 (6th Cir. 1999). The facts as alleged in the Amended Complaint do not indicate that Diamond complied with the knock-and-announce rule, and the entry itself may have violated the Fourth Amendment.

Accepting as true the plaintiffs' allegations, as the court must in conducting this initial review, the court finds that they have alleged facts that, if true, suggest that Diamond, acting under color of law, violated the plaintiffs' constitutional rights. The court has federal-question jurisdiction over the § 1983 claims against Diamond.

The plaintiff also names Officer "John Doe" as a defendant. If multiple officers are alleged to have violated a plaintiff's Fourth Amendment rights, each officer's conduct must be analyzed individually. "Each defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (citing *Dorsey v. Barber*, 517 F.3d 389, 399 n.4 (6th Cir. 2008)). "To hold an officer liable for the use of excessive force, a plaintiff must prove that the officer '(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force.'" *Id.* (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)). Here, other than naming him as a defendant, the plaintiffs have not alleged any facts describing Officer John Doe's involvement in the events giving rise to their claims. They do not even indicate that he was present when Officer Diamond forced his way into their home and fired his gun. Even assuming he was accompanying Diamond, "[a]s a general matter, [an officer's] mere presence during [an] altercation, without a showing of some responsibility, cannot suffice to subject [him] to liability." *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013). The plaintiffs do not allege that John Doe had supervisory authority over Diamond or otherwise owed the plaintiffs some duty to protect them from Diamond's actions. Absent any factual allegations involving John Doe, the Complaint fails to state a claim against him for which relief may be granted.

Plaintiffs also asserts that Metro Nashville is "vicariously liable." It is well established

that claims under § 1983 may not be based on vicarious liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Rather, to bring a § 1983 claim against a municipality, the plaintiffs must allege that the violations of their constitutional rights stemmed from a municipal policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 690–91 (1978); *Doe v. Claiborne Cty., Tenn.*, 103 F.3d 495, 507–09 (6th Cir. 1996). Because the Complaint contains no facts suggesting that Officer Diamond's actions resulted from a policy or practice attributable to Metro Nashville, the Complaint fails to state a claim against Metro under § 1983.

**C.    State Law Claims**

The court has supplemental jurisdiction over state law claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The allegations of fact in the Complaint, if proven to be true, state claims for assault and battery under Tennessee law. *See Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 371 (Tenn. 2011) (stating that the intentional creation of "an apprehension of harm in the plaintiff" constitutes the intentional tort of assault); *Lacy v. Hallmark Volkswagen Inc. of Rivergate*, No. M201602366COAR3CV, 2017 WL 2929502, at *4 (Tenn. Ct. App. July 10, 2017) (defining the tort of battery as "an intentional act that causes an unpermitted, harmful or offensive bodily contact" (citations omitted)); *see also Stafford v. Jackson Cty.*, No. M2016-01883-COA-R3-CV, 2017 WL 3332268, at *4 (Tenn. Ct. App. Aug. 4, 2017) ("Under Tennessee law, a police officer

can be liable for 'damages caused by his excessive and unprivileged use of force under the intentional tort of battery.'" (quoting *City of Mason v. Banks*, 581 S.W.2d 621, 626 (Tenn. 1979)).[1] The court will permit these supplemental claims to proceed against Officer Diamond.

The facts as alleged herein, however, do not establish that Metro Nashville can be vicariously liable for assault and battery under a *respondeat superior* theory of liability. "[H]istorically, governmental entities [in Tennessee] have been held immune from suit absent their express waiver of that immunity." *Sallee v. Barrett*, 171 S.W.3d 822, 826 (Tenn. 2005). The Tennessee Governmental Tort Liability Act ("TGTLA") partially waives such immunity. Tenn. Code Ann. § 29-20-101 *et seq.* Section 29-20-205 specifically removes governmental immunity "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment." Because the alleged torts of assault and battery are intentional, Metro Nashville is immune from liability unless there is some showing that *negligence* on the part of a Metro employee gave rise to the intentional torts. *See, e.g.*, *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 76, 81 (Tenn. 2001) (holding that the plaintiff could assert an assault and battery claim against the medical center under the TGTLA, because (1) § 29-20-205(2) does not immunize governmental entities from liability arising out of assault and battery claims, since such claims are "not specifically enumerated in the intentional tort exception"; and (2) § 29-2–

---

[1] Plaintiffs do not allege that Ms. Smith was subject to offensive contact, but Mr. Adams was. The contact of the bullet with Mr. Adams' shirt is sufficient to satisfy the elements of offensive bodily contact for purposes of stating a claim for battery. The contact by the defendant may be direct or indirect. *See, e.g.*, *Hendrix v. Burns*, 43 A.3d 415, 426 (Md. Ct. Spec. App. 2012) (recognizing that "one can commit a battery by . . . putting an instrumentality in motion—for example, a bullet fired from a gun—that hits the person"). And the element of bodily contact with the plaintiff does not require "that the plaintiff's actual body be disturbed"; rather, "intentional contacts with anything so connected with the body as to be customarily regarded as part of the other's person . . . is actionable." Restatement (Second) of Torts § 18 (1965); *see id.* (recognizing that clothing is "so intimately connected with one's body as to be universally regarded as part of the person").

205 waived immunity because the injuries at issue were proximately caused by the defendant's negligence). Where no negligence on the part of the government entity is alleged, however, there is no waiver of immunity arising from intentional torts committed by government employees. *See, e.g.*, *Pendleton v. Metro. Gov't of Nashville & Davidson Cty.*, No. M2004-01910-COA-R3CV, 2005 WL 2138240, at *3–4 (Tenn. Ct. App. Sept. 1, 2005) (dismissing assault and battery claims against Metro Nashville, rejecting the plaintiff's *respondeat superior* theory of liability, and stating: "[T]he GTLA clearly requires a showing of negligence on the part of a governmental entity before it can be held liable for intentional torts committed by its employees."). Here, the Complaint does not contain any facts suggesting negligence on the part of Metro Nashville. The municipal defendant is immune from liability on the assault and battery claims.

Plaintiffs also state that Diamond's and Metro's acts "constitute . . . intentional and negligent infliction of emotional distress." (Doc. No. 6, at 3.) Regarding the claim of intentional infliction of emotional distress, the Tennessee Supreme Court has held that the TGTLA's preservation of governmental immunity for claims arising from the "infliction of emotional distress," Tenn. Code Ann. § 29-20-205(2), means that municipalities are immune from suits arising from the intentional infliction of emotional distress caused by government employees. *Sallee*, 171 S.W.3d at 829. Diamond may be liable for intentional infliction of emotional distress, but Metro Nashville is immune from liability on that claim.

The court in *Sallee* also held that the TGTLA does waive governmental immunity for *negligent* infliction of emotional distress. *Id.* In that case, the defendant police officer was alleged to have accidentally discharged his gun while standing behind the plaintiff, startling her and causing severe and permanent emotional distress and post-traumatic stress disorder. She

sued the police officer for negligent infliction of emotional distress but she did not sue his employer, the City of Clarksville. The Tennessee Supreme Court expressly held that government entities are not immune under Tenn. Code Ann. § 29-20-205(2) for claims of negligent infliction of emotional distress but that the police officer was immune under another provision of the TGTLA. *Sallee*, 171 S.W.3d at 825 ("Under Tennessee Code Annotated section 29-20-310, if the immunity of a governmental entity is removed, the employee is immune from suit."). The court therefore granted the police officer's motion to dismiss.

Here, although the plaintiffs refer to negligent infliction of emotional distress, the facts as alleged in the Complaint do not reasonably support an inference that Officer Diamond negligently discharged his gun. The Complaint alleges that Diamond intentionally forced his way into the plaintiffs' home with his gun drawn. (Doc. No. 6, at 2.) Then, "[a]fter breaking into the home, Mr. Diamond pointed his weapon and fired one round." (*Id.* at 3.) Based on these allegations, the court finds that the Complaint fails to state a claim based on mere negligence on the part of Mr. Diamond for which Metro Nashville could be vicariously liable. The claim of negligent infliction of emotional distress, as to all defendants, will be dismissed on that basis.

**IV.    Conclusion**

For the reasons set forth herein, the court will direct that the Complaint be served on defendant Diamond, but all claims against Metro Nashville and defendant "John Doe" will be dismissed for failure to state a claim for which relief may be granted. In addition, the claims brought on behalf of the plaintiffs' minor child will be dismissed without prejudice, as the plaintiffs lack legal authority to pursue claims on behalf of their minor child without an attorney.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge