UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC ADAMS et al., | |
| Plaintiffs, | Case No. 3:18-cv-00976 |
| v. | Judge Aleta A. Trauger |
| NICK DIAMOND, | Magistrate Judge Alistair E. Newbern |
| Defendant. | |

## MEMORANDUM ORDER

This case arises out of an encounter during which pro se and *in forma pauperis* Plaintiffs Cedric Adams and Ashley Smith allege Defendant Officer Nick Diamond entered their home and discharged his weapon. (Doc. No. 6.) Adams and Smith allege that Diamond violated their Fourth Amendment rights under 42 U.S.C.§ 1983 and used excessive force in violation of state common law. (*Id.*)

Diamond has filed a motion to compel production of supplemental responses to two interrogatories seeking information about Adams and Smith's criminal histories. (Doc. No. 42.) Adams and Smith did not file a response in opposition to the motion, but, in light of their pro se status, the Court will consider arguments they made in a letter filed with the Court before Diamond filed the motion to compel that addresses the same topic. (Doc. No. 41.) The Court also considers the parties' joint statement of the discovery dispute (Doc. No. 44). For the reasons that follow, the motion to compel will be granted.

**I.      Relevant Background[1]**

Diamond moves to compel responses to two interrogatories, which were first served on Adams and Smith on December 27, 2019. (Doc. No. 43.) Those interrogatories ask:

> Interrogatory No. 5:   Before or since the filing of this lawsuit, have you ever been involved in any legal (civil or criminal)[2] action of any kind, either as a defendant or as a plaintiff? If so, provide case name and number, court and a brief description of the action and outcome of the case.
>
> Interrogatory No. 14:  List every period of incarceration you have had in your lifetime, including the facility at which you were incarcerated, the charge and/or conviction that resulted in the incarceration, and the circumstances that led to your release or transfer, if applicable. Include also the terms of parole and probation that applied to your release if applicable.

(*Id.* at PageID# 292.) On January 20, 2020, Adams responded to these interrogatories by stating that he has been a defendant to both misdemeanor and felony proceedings, and has completed all sentences, including jail time, probation, and parole; he also objected to the request as irrelevant to his claims in this action. (Doc. No. 42-2.) Smith responded by stating that she "ha[s] a few driving offenses" and "a few minor non-violent misdemeanors" for which she has "fulfilled all requirements." (*Id.* at PageID# 218.)

---

[1]    The facts in this section are drawn from Diamond's motion to compel discovery (Doc. No. 42); accompanying exhibits (Doc. Nos. 42-1–42-11), which include discovery requests Diamond served on the plaintiffs (Doc. No. 42-1), the plaintiffs' responses to those discovery requests (Doc. Nos. 42-2, 42-7), excerpts from the plaintiffs' deposition transcripts (Doc. Nos. 42-4, 42-5), and written and email exchanges between the parties (Doc. Nos. 42-3, 42-6, 42-8–42-10); supporting memorandum (Doc. No. 43); joint statement of the discovery dispute (Doc. No. 44); the plaintiffs' July 17, 2020, letter to the Court (Doc. No. 40); and Diamond's response to that letter (Doc. No. 41).

[2]    Although interrogatory number five requests information about the plaintiffs' civil litigation histories, Diamond's motion to compel discovery and accompanying memorandum do not address the relevance of that information to this case; nor does he argue that the plaintiffs have failed to fully answer that portion of the interrogatory. (Doc. Nos. 42, 43.) Accordingly, the Court declines to compel plaintiffs to produce information about other civil cases in which they have been involved, and the scope of this order is limited to Diamond's request for information about the plaintiffs' criminal histories. (*Id.*)

On March 2, 2020, Diamond asked Adams and Smith to supplement their responses, arguing that "Federal Rule of Civil Procedure 26 provides for discovery of past arrests, citations, and convictions of parties and witnesses" (Doc. No. 43, PageID# 293 (quoting Doc. No. 42-3).) Diamond reports that he received no response to this communication. (Doc. No. 43.)

During a deposition of Adams and Smith on June 16, 2020, Diamond's counsel asked both plaintiffs about their criminal histories. (*Id.*) The deposition transcript reflects that Adams initially objected to questions about his criminal history as irrelevant, then testified that he has been arrested for "a host of different things—counterfeit, forgery, identity theft" (Doc. No. 42-4, PageID# 241, ¶ 10–11) and that he "ha[s] some charges in Tennessee, Mississippi, [and] Florida" although he testified that he could not recall the exact dates of these charges, cities in which he was arrested or charged, or the lengths of his sentences. (*Id.* at PageID# 242, ¶ 21–22.) Smith testified deposition she has been arrested and spent time in jail for "[m]inor traffic violations[, s]tealing[, a]nd . . . solicitation" in Las Vegas, Nevada; Albuquerque, New Mexico; Alabama; and Memphis and Nashville, Tennessee, although she could not recall the exact dates of these offenses. (Doc. No. 42-5, PageID# 252, ¶ 18–19.)

On June 30, 2020, Diamond re-sent the March 2020 supplemental discovery requests to Adams and Diamond (Doc. No. 43), and asked them to respond by the discovery deadline of July 6, 2020 (Doc. No. 42-6). On July 6, 2020, Adams and Smith mailed supplemental responses, in which Adams asserts that he "ha[s] a host of different misdemeanor[s] and felonies over the course of the last 20 years" and "ha[s] been incarcerated in the state and federal institutions over the course of the last 20 years[,]" but that he has completed all terms of his sentences and "ha[s] not been charged or incarcerated for an extended number of years . . . ." (Doc. No. 42-7, PageID# 259-61.) Smith's supplemental responses explain that she "ha[s] many misdemeanor cases that [she]

3

ha[s] handled and finished all court actions and procedures that were given[,]" that she "ha[s] been incarcerated a few times" but "do[es] not remember every time . . . ." (*Id.* at PageID# 256.) Both Adams and Smith object in their supplemental responses that information about their criminal histories is irrelevant to their allegations against Diamond in this case. (Doc. No. 42-7.)

On July 10, 2020, Diamond's counsel contacted Adams and Smith once again, reiterating his belief that their responses were incomplete and requesting supplemental responses by July 20, 2020. (Doc. Nos. 42-8, 42-9, 43.) Adams responded that he and Smith had answered Diamond's discovery requests "to the best of [their] knowledge[;]" that they had tried unsuccessfully to obtain more detailed criminal record information; that Diamond's counsel, as "a lawyer and representative for and of the police department," was in a better position to obtain the requested information than Adams and Smith; and that the requested information is irrelevant to Adams and Smith's claims. (Doc. No. 42-9, PageID# 269.) In response, Diamond asked Adams and Smith to provide approximate dates and locations for their prior convictions and arrests (Doc. No. 42-9, 43), but Diamond states that Adams and Smith did not respond to that email (Doc. No. 43). On July 17, 2020, Adams and Smith filed a letter with the Court, describing the discovery dispute. (Doc. No. 40.)

In their July 2020 letter, Adams and Smith state that Diamond requested information about Adams and Smith's "criminal history, lengths of incarcerations, and probation and parole periods[,]" assert that they have attempted to obtain this information and to fully respond to Diamond's discovery requests, and argue that information about their criminal histories is irrelevant to this case. (Doc. No. 40, PageID# 156.) Adams and Smith also allege that they requested a copy of an exhibit presented at their depositions and information from Diamond about his "training, work history or length of experience, disciplinary reports, actions, complaints,

infractions, [or] sanctions[,]" but "did not receive any answers or any information that was requested . . . ." (*Id.* at PageID# 157.)

Diamond filed a response to the plaintiffs' letter on July 23, 2020, arguing that he has repeatedly requested information about Adams and Smith's criminal histories, but that Adams and Smith "refuse to provide even basic details regarding their convictions and arrests[.]" (Doc. No. 41, PageID# 162.) He also alleges that Adams and Smith did not confer with Diamond's counsel before filing the letter about the discovery they allege Diamond failed to produce, and that the documents that Adams and Smith "contend that they did not receive were produced in discovery and provided again in hard copy at their depositions." (*Id.* at PageID# 161.) Diamond reports that, after receiving Adams and Smith's letter, Diamond's counsel "conferred with [Adams and Smith] about the materials they allege were not produced" and "will promptly provide to [Adams and Smith] any additional documents they do not have once [they] clarify what, if anything, they have not received."[3] (*Id.* at PageID# 161–62.)

On August 8, 2020, Diamond filed the present motion to compel discovery. (Doc. No. 42.) Adams and Smith have not filed a response in opposition, but, where relevant, the Court will consider the positions Adams and Smith state in the joint discovery dispute statement (Doc. No. 44) and their July 17, 2020, letter to the Court (Doc. No. 40).

---

[3]   Adams and Smith have not filed a motion to compel production of the information that they allege was withheld. If they wish to compel disclosure of the information described in their letter, they must file a motion to compel discovery that complies with the requirements of Federal Rule of Civil Procedure 37(a) and Local Rule 37.01. Fed. R. Civ. P. 37(a); M.D. Tenn. R. 37.01 (discovery motions). Because the deadline for filing discovery motions in this case has passed (Doc. No. 39), any such motion must also show that the plaintiffs' failure to file a motion before the deadline was due to excusable neglect, as required by Federal Rule 6(b), and show good cause to amend the scheduling order, as required by Federal Rule 16(b). Fed. R. Civ. P. 6(b), 16(b).

## II.     Legal Standard

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

## III.    Analysis

The parties' discovery dispute is based on two points of disagreement: (1) whether the information Diamond seeks is "relevant to any party's claim or defense[;]" and (2) whether the interrogatory responses that Adams and Smith have already provided are "evasive or incomplete

. . . ." Fed. R. Civ. P. 26(b)(1); 37(a)(4). In this case, the information Diamond seeks is relevant, and Diamond is entitled to request more complete answers from the plaintiffs.

Diamond argues that the information he seeks about the plaintiffs' criminal histories and prior periods of incarceration is "relevant to their credibility as witnesses" because Federal Rule of Evidence 609 provides that evidence of a witness's past convictions may be introduced at trial to impeach a witness's credibility. (Doc. No. 43, PageID# 296 (citing Fed. R. Evid. 609(a)).) Federal courts in civil cases commonly cite Rule 609 as grounds to allow discovery of a party's past criminal convictions for impeachment purposes. *See, e.g.*, *Harris v. Planned Parenthood*, No. 4:11-CV-2023, 2012 WL 5384836, at *3 (E.D. Mo. Nov. 1, 2012) (relying on Rule 609 to compel plaintiff to produce of evidence related to his criminal history); *Alberts v. Wheeling Jesuit Univ.*, No. 5:09-CV-109, 2010 WL 1539852, at *14–15 (N.D. W. Va. Apr. 19, 2010) (same); *Buckner v. United Parcel Serv.*, No. 5:09-CV-00411, 2011 WL 6748522, at *6, 8 (E.D.N.C. Dec. 22, 2011) (same). "While this type of information may ultimately prove inadmissible, and Plaintiff is entitled to later challenge Defendant's use of such evidence," it is discoverable so long as it is "relevant for the purpose sought[.]" *Buckner*, 2011 WL 678522, at *6. Although Adams and Smith may be correct that evidence of their past criminal convictions is not relevant to the question of whether Diamond violated their constitutional rights (Doc. No. 44), it is relevant for impeachment purposes and is therefore discoverable.

Adams and Smith also argue that evidence of their criminal histories should not be compelled because this type of evidence is "inflammatory and very damaging." (*Id.*, at PageID# 301.) While some evidence of past convictions may be found inadmissible at trial if its probative value does not "substantially outweigh[ ] its prejudicial effect," Fed. R. Evid. 609(b)(1), potential prejudice does not bear on whether the information must be produced in discovery. *See*

*Buckner*, 2011 WL 678522, at *6. Because the Court finds that evidence of the plaintiffs' criminal histories is relevant, it is discoverable.

Diamond has also demonstrated that Adams and Smith's previous answers to his interrogatories are evasive and incomplete. Diamond contends that "[b]oth [p]laintiffs have admitted out-of-state arrests and convictions without specifying the cities or counties where they occurred or in what years they occurred." (Doc. No. 43, PageID# 294.) Although Adams and Smith maintain that they "answered truthfully as to what they could remember and as accurately to the best of their knowledge and available access to information" (Doc. No. 40, PageID# 156), their responses to Diamond's discovery requests vary in the level of detail provided. Adams and Smith responded to Diamond's first interrogatory request with vague statements that they have been defendants to "a few" criminal actions (Doc. No. 42-2), but they were later able to remember and identify specific arrests and convictions during their depositions (Doc. No. 42-4). In their supplemental interrogatory responses, Adams and Smith again refer to their criminal histories in general terms (Doc. No. 42-9), rather than listing specific convictions along with their approximate dates and locations as Diamond requested.

A party served with interrogatories has a duty to answer each interrogatory fully, Fed. R. Civ. P. 33(b)(3), and to supplement its response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). The specificity of Adams and Smith's deposition testimony calls into question their claims that they cannot remember the dates and locations of their prior convictions, indicating that their responses to interrogatories five and fourteen are evasive and incomplete, and "must be treated as failure[s] to disclose, answer, or respond." Fed. R. Civ.

8

P. 37(a)(4). Consequently, Adams and Smith must supplement their responses to interrogatories five and fourteen with complete and accurate responses.

## IV. Conclusion

Accordingly, Diamond's motion to compel discovery is GRANTED. Adams and Smith are ORDERED to provide, complete and accurate responses to Diamond's interrogatory numbers five and fourteen by providing any information they can recall or ascertain about all of their prior arrests, convictions, or incarcerations, and the approximate dates and locations thereof, by December 23, 2020.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge