UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00976 |
| ) | Judge Aleta A. Trauger |
| NICK DIAMOND, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Cedric Adams has filed a *pro se* Motion to Alter or Amend the Judgment Under Federal Rule of Civil Procedure 59(e) (Doc. No. 119), to which Nick Diamond has filed a Response (Doc. No. 121). For the reasons set out herein, the motion will be denied.

Adams originally filed claims along with another plaintiff, Ashley Smith, as well as claims purportedly on behalf of their minor child, based on an encounter with Diamond, a police officer, in which Diamond discharged a firearm. (*See* Doc. No. 1.) The court dismissed some of the claims, including those on behalf of the child, on January 24, 2019, and granted Diamond summary judgment with regard to other aspects of the case, including Smith's claims, on March 18, 2021. (Doc. Nos. 9, 77.) On February 22–23, 2022, the court held a jury trial on Adams' remaining claims against Diamond. The jury reached a verdict in Diamond's favor, finding that Diamond did not intentionally discharge the weapon, which, in the context of the court's rulings, was wholly determinative of the claims. (Doc. No. 111 at 1.) Shortly thereafter, Adams filed the present motion, challenging various aspects of the court's resolution of the case.

Adams characterizes the motion as filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which permits a court to alter or amend a judgment based on: (1) a clear error of

law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007*); Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "Relief under Rule 59(e) is an extraordinary remedy reserved for exceptional cases." *Hines v. Comm'r of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations and internal quotation marks omitted). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Spec's Fam. Partners, Ltd. v. First Data Merch. Servs. LLC*, 777 F. App'x 785, 787 (6th Cir. 2019) (quoting *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).

Diamond suggests that aspects of Adams' motion are substantively better suited to a Rule 50 motion for judgment as a matter of law or a Rule 59(a) motion for a new trial. A Rule 50 motion made after a jury's verdict can only be granted if (1) a motion was made pursuant to Rule 50(a) prior to the submission of the charge to the jury and (2) "there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on that issue, or where a claim or defense cannot under the controlling law be maintained or defeated without a favorable finding on that issue." *Vance v. Spencer Cty. Pub. Sch. Dist.*, 231 F.3d 253, 258 (6th Cir. 2000); *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury.") A court may grant a new trial under Fed. R. Civ. P. 59(a) "if the verdict is against the weight of the evidence, if the damages award is excessive, or if the trial was influenced by prejudice or bias, or otherwise unfair to the moving party." *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000).

2

None of the issues raised by Adams provides a persuasive basis for disturbing the judgment under any of those three standards. Although Adams uses boilerplate language suggesting otherwise, he has not identified any meaningful error of law, newly discovered evidence, or intervening change in the controlling law that would justify disturbing either the judgment based on the jury's verdict or the court's summary judgment rulings. Adams, moreover, has not demonstrated that the jury's verdict was unsupported; the jury's conclusion reflected a plausible weighing of contested evidence, particularly considering the fact that the jury heard Diamond's own testimony that the shooting was accidental and was within its rights to credit that testimony. Adams also raises objections about the scope of the issues under consideration at trial, but those issues reflected the terms of a pretrial order jointly agreed upon by Adams and Diamond, through their respective trial counsel. (*See* Doc. No. 107 at 3–4.) The evidentiary issues raised by Adams are similarly without merit and reflect, at most, a request to reconsider matters that the court already addressed. Finally, Adams devotes a significant amount of briefing to arguing that he received ineffective assistance of counsel, but "[i]t is well settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case." *Standberry v. City of Cleveland*, 43 F. App'x 791 (6th Cir. 2002) (citations omitted).

For the foregoing reasons, Adams' Motion to Alter or Amend the Judgment Under Federal Rule of Civil Procedure 59(e) (Doc. No. 119) is hereby **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge